FILED

2008 JUL 8 AM 10: 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 2072

BY _____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Magistrate Case No._____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR VIOLATION OF |
| | ) | |
| | ) | Title 18, U.S.C., |
| | ) | Sec. 922(g)(1) - Felon in |
| | ) | Possession of a Firearm; |
| | ) | |
| v. | ) | Title 21, U.S.C., |
| | ) | Sec. 841(a)(1) - Possession |
| | ) | with Intent to Distribute a |
| | ) | Controlled Substance; |
| Brandon Maurice SUGGS | ) | |
| | ) | Title 18, U.S.C., |
| | ) | Sec. 924(c) - Possession |
| Defendant. | ) | of a Firearm in Furtherance |
| | ) | of a Drug Trafficking Crime. |
| | ) | |

The undersigned complainant being duly sworn states:

That on or about June 12, 2009, within the Southern District of California, defendant Brandon Maurice SUGGS, being a person who had previously been convicted of felonies, to wit, on or about November 15, 1999, in the Superior Court for the State of California, County of San Diego, in case number SCD147243, Transportation/Sale of a controlled substance in violation of California Health and Safety Code, Section 11352(a); and on or about January 7, 2002, in the Superior Court for the State of California, County of San Diego, in case number SCD160704, of Transportation/Sale of a controlled substance, in violation of California Health and Safety Code, Section 11352(a); both of which are crimes punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm, in and affecting interstate commerce, to wit, a Helwan 9MM pistol, model A.R.E., serial number 1045439, made in Egypt and imported into the United States by Interarms, Alexandria, Virginia, in violation of Title 18, United States Code, Section 922(g)(1).

That on or about June 12, 2009, within the Southern District of California, defendant Brandon Maurice SUGGS was found to be in possession with the intent to distribute a controlled substance, to wit: 779.28 grams of methamphetamine, in violation Title 21 United States Code, Section 841(a)(1).

That on or about June 12, 2009, within the Southern District of California, defendant Brandon Maurice SUGGS was found to be in possession of a firearm, to wit: a Helwan 9MM pistol, model

A.R.E., serial number 1045439, in furtherance of a drug trafficking crime, to wit: possession with the intent to distribute a controlled substance, to wit: 779.28 grams of methamphetamine, in violation Title 18 United States Code, Section 924(c).


     And the complainant further states that this complaint is based on the attached statement of facts, incorporated herein by reference.

_____
Floyd Mohler
Special Agent, ATF

SWORN AND SUBSCRIBED TO before me this _8th_ day of July 2008.

_____
WILLIAM McCURINE, Jr.
United States Magistrate Judge



CONTINUATION OF COMPLAINT

Complaint Re:   SUGGS, Brandon Maurice


### STATEMENT OF FACTS

The complainant states that on or about June 12, 2008, San Diego Police Department (SDPD) Detective Joe Castillo contacted me.   Detective Castillo is currently assigned to the SDPD Gang Unit.   Detective Castillo informed me that at approximately 4:40PM, while conducting gang enforcement activities in the Southeast area of San Diego, he and Detective John Brown saw a cream colored Chrysler 300M traveling at a high rate of speed on Skyline Drive. Detectives Brown and Castillo requested that SDPD Gang Suppression Team (GST) officers conduct a traffic stop of the vehicle.   Detective Castillo then arrived at the scene of the traffic stop and identified Brandon SUGGS, the driver, as a target in an ongoing ATF investigation. Detective Castillo stated to me that he knew SUGGS was on State Parole and subject to search, and asked me if it would impede my investigation if he and his team conducted a Parole search of SUGGS, his vehicle and his residence, located at 8379 Parkbrook Street, San Diego, California.   I told Detective Castillo that as long as they obtained approval from California State Parole to search SUGGS that I would not oppose the search.   Detective Castillo then told me that State Parole Agent Gary Thomas was currently with him and that he would ask Agent Thomas if it was appropriate to conduct the search.   Moments later, Detective Castillo told me that he and the other SDPD officers and detectives on scene, to include Parole Agent Thomas, were going to take SUGGS to his residence to conduct the search.   I immediately responded to SUGGS' residence for the search.

At approximately 5:00PM, SDPD detectives and officers, Parole Agent Thomas, and I arrived at 8379 Parkbrook Street.   SDPD knocked determined that no one was home and obtained entry into the house utilizing a key from SUGGS' key ring.   After searching the residence, detectives and officers found the following items.   In SUGGS' bedroom dresser, a small plastic bag containing methamphetamine was found.   Under SUGGS' bed a shoebox containing a large bag of marijuana and packaging materials were found.   In the



garage, inside the trunk of SUGGS' vehicle, a black Chevrolet Impala, CA license #3XJY309, inside a locked canvas duffle bag, several large plastic baggies of marijuana and a 9MM Helwan semi-automatic pistol, Serial #1045439, were found. The key to the Impala and the key to the lock on the duffle bag were both contained on SUGGS' key ring.

During the search, Octavia Marshall, SUGGS' aunt, arrived at the residence. Marshall also lives at the residence, and is listed as the co-owner of both of the aforementioned vehicles owned by SUGGS. Marshall gave Detective Brown consent to search her bedroom, but stated that it contained a safe that did not belong to her. Marshall stated that the safe belonged to SUGGS and that she did not either a key or the combination to the safe. Detective Brown located two keys to the safe on SUGGS key ring and opened the safe. Inside the safe, Detective Brown located a brown paper sack containing two gallon size Ziploc plastic baggies containing a total of approximately 779.28 grams of methamphetamine. In addition, Detective Brown found three bundles of cash wrapped in rubber bands, each totaling $1000, for a total of $3000.

Detective Brown placed SUGGS under arrest and GST officers transported him to SDPD Headquarters for processing. Subsequently, Detectives Brown, Castillo and I conducted videotaped interview of SUGGS. At approximately 8:30PM, Detective Brown read SUGGS his Miranda Rights. SUGGS stated that he understood his rights as read to him and that he was willing to answer questions. SUGGS stated in substance the following. He was responsible for everything found inside the house and in the car in the garage. Detective Brown asked SUGGS to specify what exactly was found in order to avoid a potential attempt by SUGGS to make a blanket statement of responsibility without really knowing what was found that may have belonged to someone else at the house. SUGGS went on to describe what was found in his bedroom, the trunk of his Impala and in the safe in Marshall's bedroom. SUGGS was able to describe approximate amounts of drugs and monies found in each location and their packaging.

I conducted a criminal history check, which revealed that SUGGS is a previously convicted felon. SUGGS has the following two felony convictions: on or about November 15, 1999, in the Superior Court for the State of California,

County of San Diego, in case number SCD147243, Transportation/Sale of a controlled substance in violation of California Health and Safety Code, Section 11352(a); and on or about January 7, 2002, in the Superior Court for the State of California, County of San Diego, in case number SCD160704, of Transportation/Sale of a controlled substance, in violation of California Health and Safety Code, Section 11352(a).

I examined the firearm found in the trunk of SUGGS' Impala. The firearm, a Helwan 9MM pistol, model A.R.E., serial number 1045439, was made in Egypt and imported into the United States by Interarms, based in Alexandria, Virginia. I spoke with ATF SA Geerdes, an Interstate Nexus Expert, who told me that by the fact that the aforementioned firearm was found in the State of California, made in a foreign country and imported into the United States by a company in the State of Virginia, the firearm has traveled in and affected interstate commerce.

SDPD lab analysis revealed that the methamphetamine taken from SUGGS' residence totaled 779.28 grams, and the marijuana totaled 1,000.8 grams. In addition, SDPD lab analysis revealed that 1.54 grams of cocaine were also contained in one of the plastic bags taken from SUGGS.

I have been a federal agent since June of 1992, and in that time, I have been involved in the arrest of hundreds of suspects involved in the trafficking of narcotics or controlled substances, and in the possession of narcotics or controlled substances. Based on my training and experience, the amounts of marijuana and methamphetamine found, their packaging, the money SUGGS possessed, and the location of the firearm found relative to the marijuana, I believe that the drugs were possessed by SUGGS with the intent to distribute and the firearm was possessed in furtherance of the drug possession.

SA

7/8/08